**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Biolase, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12245 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 120 & 139** |

*SECOND AMENDED*[2] **NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On October 1, 2024, the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 11] (the "Motion") seeking entry of (A) an order (the "Bidding Procedures Order") (i) approving bidding procedures (the "Bidding Procedures")[3] to be used in connection with the sale (each, a "Sale") of all or substantially all of the Debtors' assets (the "Assets"); (ii) designation of the Stalking Horse Bidder; (iii) scheduling (a) an auction of the Assets (the "Auction") and (b) a final hearing to consider approval of the proposed Sale (the "Sale Hearing"); (iv) approving the form and manner of notice of the Bidding Procedures, the Auction and the Sale Hearing; (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases (collectively, the "Contracts") in connection with the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Biolase, Inc. (2441); BL Acquisition Corp. (4140); BL Acquisition II, Inc. (6022); and Model Dental Office, LLC (9372). The Debtors' headquarters are located at 27042 Towne Centre Drive, Suite 270, Foothill Ranch, CA 92610-2811.

[2] On October 21, 2024, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of Substantially All Assets* [Docket No. 120] (the "Original Cure Notice"). On October 24, 2024, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of Substantially All Assets* [Docket No. 139] (the "First Amended Cure Notice"). The First Amended Cure Notice amended and superseded in its entirety and the Original Cure Notice. This Second Amended Cure Notice amends and supersedes in its entirety the First Amended Cure Notice.

[3] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable. Any summary of the Bidding Procedures or the Bidding Procedures Order (or any provision thereof) contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any inconsistency between any summary in this Sale Notice and the terms and conditions of either of the Bidding Procedures or the Bidding Procedures Order, the actual terms and conditions in those documents shall control.

Sale; (vi) approving the form and manner of notice to each relevant non-debtor counterparty to a Contract of the Debtors' calculation of the amount necessary to cure any defaults under an applicable Contract and certain other information regarding the potential assumption and assignment of Contracts in connection with a Sale; and (vii) granting related relief; and (B) an order (the "Sale Order") (i) authorizing the sale of the Assets free and clear of all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtors and any Successful Bidder (as defined in Section VII.C.1 of the Bidding Procedures), with liens to attach to the proceeds of the Sale; (ii) authorizing the assumption and assignment of certain Contracts in connection with approved Sale; and (iii) granting related relief.

On October 17, 2024, the Court entered the Bidding Procedures Order [Docket No. 116].

**You are receiving this Second Amended Notice because you may be a Counterparty to a Contract of the Debtor that may be assumed and assigned to the Successful Bidder for the Debtors' Assets.**

## CURE COSTS

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtors may, in connection with the Sale with the Successful Bidder at the Auction, seek to assume and assign to the Successful Bidder certain of their Contracts. Each of the Contracts that potentially could be assumed and assigned in connection with the Sale, together with the Debtors' calculation of Cure Costs with respect to such Contracts, is set forth on Schedule 1 hereto. The inclusion of any Contract on Schedule 1 does not constitute an admission by the Debtors, the Stalking Horse Bidder, any Successful Bidder, or any other party that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such Contract ultimately will be assumed or assigned. All rights of the Debtors with respect thereto are reserved.

In addition, to the extent that any of the Cure Costs set forth on Schedule 1 do not reflect (i) postpetition payments that have been made by the Debtors in respect of applicable Cure Costs or (ii) any payments that are made by the Debtors in respect of such Cure Costs after the filing of this Second Amended Notice, the respective amounts required to be paid to cure any existing defaults under the applicable Contracts shall be reduced by any such corresponding postpetition payments, and the Debtors reserve their rights to update the Cure Costs set forth on Schedule 1 accordingly, either by filing a supplemental notice with the Court or by written notice to the applicable Counterparty.

## CONTRACT OBJECTIONS

### A. Contract Objection Deadline

Any Counterparty that wishes to object to the Debtors' proposed Cure Costs or the assumption and assignment on any basis (each such objection, a "Contract Objection") must file with the Court by **no later than November 4, 2024, at 4:00 p.m. (prevailing Eastern Time)** and serve on the Objection Notice Parties (as defined in Section X.D of the Bidding Procedures) its

Contract Objection, which must be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof.

### B. Resolution of Contract Objections

Pursuant to the Bidding Procedures Order, the Debtors or the Successful Bidder, and the objecting Counterparty shall first confer in good faith to attempt to resolve the Contract Objection without Court intervention. If the parties are unable to consensually resolve the Contract Objection prior to the commencement of the Sale Hearing, the Court shall make all necessary determinations relating to the applicable Contract Objection at a hearing scheduled pursuant to the following paragraph. If a Contract Objection is resolved in a manner that is not in the best interests of the Debtors and their estates, whether or not such resolution occurs prior to or after the closing of the Sale, the Debtors and the Successful Bidder may determine that any Contract subject to such resolved Contract Objection no longer will be assumed and assigned.

### C. Adjourned Cure Objections

If a timely filed Contract Objection cannot otherwise be resolved by the parties, the Contract Objection may be heard at the Sale Hearing, or, at the option of the Debtors, in consultation with the Consultation Parties (subject to Section XI.C of, and as defined in, the Bidding Procedures) and the Successful Bidder, be adjourned to a subsequent hearing (each such Contract Objection, an "Adjourned Contract Objection"). Any Contract that is the subject of such Adjourned Contract Objection that is solely with regards to Cure Costs may, at the election of the Successful Bidder, and subject to the Debtors' rights set forth in the Bidding Procedures Order, be assumed and assigned to the Successful Bidder prior to the resolution of such objection as of the closing date of the Sale, so long as the Debtors or Successful Bidder, as applicable, (i) pay any undisputed Cure Costs on or before (x) the Closing Date (as defined in the Stalking Horse APA) or (y) in the event the Successful Bidder as of the closing date of the sale of the Assets.is a party other than the Stalking Horse Bidder, the date designated for consummating the sale under such Successful Bidder's purchase agreement and (ii) appropriately reserve funding for the disputed portion of the Cure Costs pending resolution of the dispute.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY CONTRACT OBJECTION, THE COUNTERPARTY SHALL BE (i) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT TO THE SUCCESSFUL BIDDER, (ii) PROHIBITED FROM ASSERTING THAT THE SUCCESSFUL BIDDER FAILED TO PROVIDE ADEQUATE ASSURANCE, AND (iii) FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO THE ASSUMPTION AND ASSIGNMENT OF THE APPLICABLE CONTRACT, THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE CONTRACT, OR ADEQUATE ASSURANCE OF FUTURE PERFORMANCE, AND THE CURE COSTS SET FORTH ON SCHEDULE 1 HERETO SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE CONTRACT AND SATISFY THE REQUIREMENTS OF SECTION 365(b) OF THE BANKRUPTCY CODE, AND THE COUNTERPARTY TO THE CONTRACT SHALL BE DEEMED BOUND BY AND TO HAVE CONSENTED TO THE CURE COSTS. THE**

**APPLICABLE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE CONTRACT IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 365(b)(1)(C), 365(f)(2)(B) AND, IF APPLICABLE, 365(b)(3), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR ANY OTHER DOCUMENT.**

## NOTICE OF AUCTION RESULTS

The Auction, if required, will be conducted on **November 4, 2024, at 10:00 a.m. (prevailing Eastern Time)**, either (i) at the offices of Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, Delaware 19801-6108, (ii) some other physical location to be determined by the Debtors, or (iii) virtually or at such other date, time or location as designated by the Debtors. If the Debtors conduct the Auction virtually, the Debtors will provide instructions setting forth how to attend the Auction to the participants and other attendees via electronic mail.

Professionals and principals for the Debtors, each Qualified Bidder (including, its representative(s), if any), each of the Consultation Parties, and any creditor of the Debtors that has provided notice in writing of its intent to observe the Auction via electronic mail to counsel for the Debtors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: Brett M. Haywood (bhaywood@potteranderson.com) and Maria Kotsiras (mkotsiras@potteranderson.com)) at least one (1) day prior to the start of the Auction shall be able to attend and observe the Auction, along with any other parties the Debtors deem appropriate.

The Debtors will provide notice (via electronic mail or otherwise) of any change in the date, time or location of the Auction to Qualified Bidders, and will cause publication of such change to occur on the Epiq Website as soon as reasonably practicable and in any event no later than 24 hours before the Auction.

Within the earlier of five (5) business hours after the conclusion of the Auction and Noon (prevailing Eastern Time) the calendar day after the conclusion of the Auction, the Debtors will file with the Court, serve on the Sale Notice Parties (as defined in Section X.B of the Bidding Procedures) and cause to be published on the website maintained by Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent in these chapter 11 cases, located at https://dm.epiq11.com/Biolase (the "Epiq Website") a notice of the results of the Auction, which will, among other things, (i) identify the Successful Bidder(s) and Backup Bidder(s); (ii) either include a copy of each Successful Bid and each Backup Bid or a summary of the material terms of such bids, or provide instructions for accessing each Successful Bid and each Backup Bid free of charge from the Epiq Website; and (iii) set forth the date, time, and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the Sale Notice Parties of the outcome of the Auction.

## ADEQUATE ASSURANCE OBJECTIONS

### A.     Adequate Assurance Objection Deadline

Any Counterparty to a Contract that wishes to object to the proposed assumption and assignment of a Contract, the subject of which objection is the Successful Bidder's (or any other

relevant assignee's but not the Stalking Horse Bidder's) proposed form of adequate assurance of future performance with respect to the Contract (each such objection, an "Adequate Assurance Objection"), must file with the Court and serve on the Objection Notice Parties an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof, by **November 12, 2024 at 1:00 p.m. (prevailing Eastern Time)**.

### B.    Resolution of Adequate Assurance Objections

Pursuant to the Bidding Procedures Order, the Debtors, the Successful Bidder and the objecting Counterparty must first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection prior to the commencement of the Sale Hearing, the Adequate Assurance Objection and all issues of adequate assurance of future performance of the Successful Bidder (or any other relevant assignee) shall be determined by the Court at the Sale Hearing or, at the option of the Debtors and the Successful Bidder, be adjourned to a subsequent hearing, with notice to the party having filed the Adequate Assurance Objection.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY ADEQUATE ASSURANCE OBJECTION, THE COUNTERPARTY SHALL FOREVER BE BARRED FROM ASSERTING ANY OBJECTION TO THE ASSUMPTION AND/OR ASSIGNMENT OF THE APPLICABLE CONTRACT WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE. THE APPLICABLE SUCCESSFUL BIDDER SHALL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE WITH RESPECT TO THE CONTRACT IN ACCORDANCE WITH BANKRUPTCY CODE SECTIONS 365(b)(1)(C), 365(f)(2)(B) AND, IF APPLICABLE, 365(b)(3), NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE CONTRACT OR ANY OTHER DOCUMENT.**

## SALE HEARING

The Sale Hearing shall take place on **November 12, 2024 at 1:00 p.m. (prevailing Eastern Time)** before The Honorable Karen B. Owens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, Wilmington, Delaware 19801, 6th floor, Courtroom No. 3.

## ADDITIONAL INFORMATION

Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge by visiting the Epiq Website.

Dated: November 1, 2024
Wilmington, Delaware

/s/ Maria Kotsiras
M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
　　　　bhaywood@potteranderson.com
　　　　mkotsiras@potteranderson.com
　　　　sforshay@potteranderson.com

and-

Joshua D. Morse (admitted *pro hac vice*)
Claire K. Wu (admitted *pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email:  joshua.morse@pillsburylaw.com
　　　　claire.wu@pillsburylaw.com

Dania Slim (admitted *pro hac vice*)
Caroline Tart (admitted *pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Email:  dania.slim@pillsburylaw.com
　　　　caroline.tart@pillsburylaw.com

*Counsel to the Debtors and Debtors in Possession*