**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Biolase, Inc*., et al.*,[1] | Case No. 24-12245 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 253 |

**ORDER (I) ESTABLISHING DEADLINES FOR THE FILING
OF PROOFS OF CLAIM AND REQUESTS FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIMS, (II) APPROVING THE FORMS AND
MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 501, 502, 503, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 3002(a), 3003(c)(3), and 5005(a), and Local Rules 1009-2, 2002-1, and 3003-1(a), for entry of an order (i) establishing deadlines for filing proofs of claim and requests for allowance of administrative expense claims in these cases, (ii) approving the forms and manner of notice thereof, and (iii) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the hearing thereon having been given as set forth in the Motion; and such notice

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Biolase, Inc. (2441); BL Acquisition Corp. (4140); BL Acquisition II, Inc. (6022); and Model Dental Office, LLC (9372). The Debtors' headquarters are located at 27042 Towne Centre Drive, Suite 270, Foothill Ranch, CA 92610-2811.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Each person or entity, including each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit (as defined in section 101(27) of the Bankruptcy Code) that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim or Payment Request Form, as applicable, in the bankruptcy case of each Debtor against which a claim is asserted.

3. Proofs of Claim or Payment Request Forms shall be filed by the holder of the claim ("Creditor") or an authorized representative of the Creditor.

4. **General Bar Date.** Except as otherwise provided herein, any person or entity (excluding any governmental unit) that wishes to assert a claim against the Debtors in these cases, including any claim arising under section 503(b)(9) of the Bankruptcy Code, shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, so that it is actually received, as provided in paragraphs 9–12 below, by Epiq, the claims and noticing agent in these cases, by **5:00 p.m. (prevailing Eastern Time) on the first business day that is thirty-three (33) days after the entry of this Order** (the "General Bar Date"). The Debtors shall include

the General Bar Date in the Bar Date Notice and shall file the Bar Date Notice with this Court so as to make the General Bar Date (and all other Bar Dates) a matter of record in these cases. The Debtors are authorized, but not required, to agree to extend the General Bar Date for any claimant by written stipulation filed with this Court.

5. **Administrative Claim Bar Date.** Except as otherwise provided herein and subject to the applicable limitations set forth in section 503(b)(1)(D) of the Bankruptcy Code, any person or entity that wishes to assert an Administrative Expense Claim pursuant to section 503(b) of the Bankruptcy Code (except those claims arising under section 503(b)(9)) that arose from the Petition Date through and including November 26, 2024, shall file a completed and executed Payment Request Form, substantially in the form attached hereto as **Exhibit 3**, so that it is actually received, as provided in paragraphs 9–12 below, by Epiq by **5:00 p.m. (prevailing Eastern Time) on the first business day that is thirty-three (33) days after the entry of this Proposed Order** (the "Administrative Claim Bar Date"). The Debtors shall include the Administrative Claim Bar Date in the Bar Date Notice. The Debtors are authorized, but not required, to agree to extend the Administrative Bar Date for any claimant by written stipulation filed with this Court.

6. **Governmental Bar Date.** Any governmental units (as defined in section 101(27) of the Bankruptcy Code) that wish to assert a claim against one or more of the Debtors shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, so that it is received, as provided in paragraphs 9–12 below, by Epiq by **5:00 p.m. (prevailing Eastern Time) on March 31, 2025**.

7. **Amended Schedule Bar Date.** If the Debtors amend or supplement their Schedules to (a) change the amount, nature, classification, or characterization of a claim, or (b) add a new claim to the Schedules, the affected claimant shall file a completed and executed Proof

3

of Claim, substantially in the form attached hereto as **Exhibit 2**, or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described in the Motion so that it is received, as provided in paragraphs 9–12 below, by Epiq **by the later of (a) the General Bar Date and (b) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules**. If the Debtors amend their Schedules with respect to the claim of a governmental unit, then the affected governmental unit shall file a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, or amend any previously filed Proof of Claim in respect of the amended scheduled claim so that it is received, as provided in paragraphs 9–12 below, by Epiq **by the later of (a) the Governmental Bar Date and (b) twenty-one (21) days after the governmental unit is served with notice of the applicable amendment or supplement to the Schedules**.

8. **Rejection Bar Date.** If the Debtors reject executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, a completed and executed Proof of Claim, substantially in the form attached hereto as **Exhibit 2**, shall be filed in connection with any rejection damages claim(s) so that it is received, as provided in paragraphs 9 – 12 below, by Epiq **by the later of (a) the General Bar Date, (b) the date set forth in an order authorizing the Debtors to reject contracts or leases, and (c) thirty (30) days after the later of the date the rejection order is entered and notice of the rejection is provided**; *provided, however*, that parties asserting claims with respect to contracts or leases that are unrelated to rejection damages claims must file Proofs of Claim on account of such claims by the General Bar Date.

9. Proofs of Claim and Payment Request Forms must be sent (a) by first-class mail to Epiq at: Biolase, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC, P.O. Box

4420, Beaverton, OR 97076-4420; (b) by overnight mail, courier, or hand delivery to Epiq at: Biolase, Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005; or (c) electronically by submitting a Proof of Claim or Payment Request Form through Epiq's website at https://dm.epiq11.com/case/biolase.

10. Proofs of Claim and Payment Request Forms sent by mail, overnight mail, courier, or hand delivery in paper must be original and contain original signatures.

11. Proofs of Claim and Payment Request Forms mailed or delivered to Epiq, or submitted electronically through Epiq's website, will be deemed timely filed only if *actually received* by Epiq on or before the Bar Date associated with such claim at the address listed in paragraph 9 above.

12. Epiq shall not accept Proofs of Claim or Payment Request Forms by facsimile, telecopy, email, or other electronic submission (except through Epiq's website as set forth in paragraph 9 above), and Proofs of Claim or Payment Request Forms submitted by such means shall not be deemed timely filed.

13. The following persons or entities whose claims otherwise would be subject to the General Bar Date, are **not** required to file Proofs of Claim:

    a) any person or entity that already has filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

    b) any person or entity whose claim is listed on the Debtors' Schedules or any amendments thereto; *unless* (i) the claim is scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant disagrees with the amount, nature, or priority of the claim, as set forth in the Schedules; or (iii) the claimant disputes that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules. In the case of either (i), (ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

    c) professionals retained by the Debtors or the Committee, pursuant to orders of the Court, that assert administrative expense claims for fees and expenses

5

        subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d)     a claim on account of indemnification, contribution, or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment if the director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

e)     a holder of a claim that has previously been allowed by order of the Court;

f)     a holder of a claim that has been paid in full or is otherwise fully satisfied by the Debtors or any other party;

g)     a holder of a claim for which a specific deadline to file a Proof of Claim previously has been fixed by the Court;

h)     any Debtor having a claim against another Debtor;

i)     any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission, or benefit and previously authorized to be paid by the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 145], *provided, however*, that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

j)     any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim or a Payment

        Request, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set for the herein;[3]

    k)     any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates; and

    l)     any person or entity that is not required to file a Proof of Claim pursuant to the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing and Use Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* [Docket No. 226].

14.     Additionally, the following claims are **not** required to be filed on or before the Administrative Claim Bar Date:

    a)     Administrative Expense Claims that (i) have been previously paid by the Debtors in the ordinary course of the Debtors' business or (ii) have otherwise been allowed by order of the Court;

    b)     Administrative Expense Claims previously filed with Epiq or the Court;

    c)     Administrative Expense Claims held by a person or entity that filed a motion requesting allowance of such Administrative Expense Claim prior to entry of the Proposed Order;

    d)     Administrative Expense Claims of any professional retained and employed by the Debtors or the Committee pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including any ordinary course of business professionals retained, pursuant to an order of this Court approving the employment of ordinary course business professionals, for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date;

    e)     claims for fees payable to the Clerk of this Court;

    f)     fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

    g)     Administrative Expense Claims arising on or after November 27, 2024.

---

[3] The Debtors reserve all rights with respect to any such claims, including to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

15. Any entity asserting claims against more than one Debtor must file a separate Proof of Claim or Payment Request Form, as applicable, with respect to each such Debtor on or before the applicable Bar Date. In addition, any entity filing a Proof of Claim or Payment Request Form must identify the particular Debtor against which its claim is being asserted. Any Proof of Claim or Payment Request that is filed without identifying a Debtor shall be deemed as filed only against Debtor Biolase, Inc.

16. The provisions of this Order apply to all claims of whatever character, against the Debtors or their assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent.

17. Any person or entity that is required to file a timely Proof of Claim or Payment Request Form in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim: (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim or Payment Request Form with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of this Court.

18. The Bar Date Notice, substantially in the form attached hereto as **Exhibit 1**, the Proof of Claim form, substantially in the form attached hereto as **Exhibit 2**, the Payment Request Form, substantially in the form attached hereto as **Exhibit 3**, and the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, are hereby approved in all respects.

19.     The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order if it is served, together with the Proof of Claim form and Payment Request Form, by first-class U.S. mail, postage prepaid, and e-mail, where applicable, no later than thirty (30) days before the General Bar Date, to (a) all persons and entities (and their counsel if known) known by the Debtors to be holding potential claims or interests in the Debtors, (b) all parties that have requested notice in these cases, (c) all persons or entities listed in the Schedules, (d) all parties to executory contracts and unexpired leases with the Debtors, (e) all parties to litigation with the Debtors, (f) all parties that have already filed a Proof of Claim or Payment Request against the Debtors, (g) all taxing authorities for the jurisdictions in which the Debtors do business, (h) all governmental units that may have claims against the Debtors, (i) all equity security holders, and (j) the U.S. Trustee.

20.     The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 4**, in the national edition of one of the following newspapers: *The Wall Street Journal*, *The New York Times*, or *USA Today*, at least once no later than twenty-one (21) days before the General Bar Date.  The Publication Notice shall be deemed good, adequate, and sufficient notice of the Bar Dates on all unknown creditors once published.

21.     After the initial mailing of the Bar Date Notice, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to fourteen days in advance

of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

22. Nothing in this Order shall prejudice the right of the Debtors or any other party to dispute, or to assert offsets or defenses to, any claim listed in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

23. The Debtors are authorized to make non-substantive changes to the exhibits hereto without further order of this Court, including changes to (a) correct typographical and grammatical errors, (b) update references to cited pleadings and orders, and (c) conform changes among this Order, the exhibits, and any other related materials prior to their mailing to parties in interest.

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Motion.

25. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: December 10th, 2024  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**