## **EXHIBIT 1**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Biolase, Inc*., et al.*,[1] | Case No. 24-12245 (KBO) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM AND
REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM
AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD
READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF
YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

TO:  ALL POTENTIAL HOLDERS OF CLAIMS AGAINST THE DEBTORS

Please take notice that on October 1, 2024, the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on December [_], 2024, the Court entered an order (the "Bar Date Order")[2] establishing: (i) **January [__], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the deadline for any person or entity (except governmental units) to file a Proof of Claim in these cases; (ii) **March 31, 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date") as the deadline for any governmental unit to file a Proof of Claim in these cases; and (iii) **January [_], 2025 at 5:00 p.m. (prevailing Eastern Time)** (the "Administrative Claim Bar Date") as the deadline for any person or entity to file a request for allowance of an Administrative Expense Claim ("Payment Request") that arose on or after the Petition Date through and including November 26, 2024.

For your convenience, enclosed with this Notice is a Proof of Claim form (the "Proof of Claim Form") and a Payment Request form (the "Payment Request Form").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Biolase, Inc. (2441); BL Acquisition Corp. (4140); BL Acquisition II, Inc. (6022); and Model Dental Office, LLC (9372).  The Debtors' headquarters are located at 27042 Towne Centre Drive, Suite 270, Foothill Ranch, CA 92610-2811.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Bar Date Order.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.**

Please take further notice that the Bar Date Order and the procedures set forth herein for filing Proofs of Claim apply to all claims (the holder of any such claim, a "Claimant") that arose, or are deemed to have arisen, before the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "Creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee.  In addition, the terms "persons," "Entities" and "Governmental units" have the meanings given such terms in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" or "Claims" has the meaning given such term in section 101(5) of the Bankruptcy Code, and includes as to or against any Debtor: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## ALL CLAIMS

**A.    PROOFS OF CLAIM, PAYMENT REQUESTS, AND MANNER OF FILING**

### i.  Proofs of Claim

Except as otherwise provided herein, any person or entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, before the Petition Date, including a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates. For the avoidance of doubt, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant who asserts a Claim that arose, or is deemed to have arisen, before the Petition Date and whose Claim is either (a) not listed on the Debtors' Schedules or (b) is listed on the Schedules as disputed, contingent, or unliquidated, must be file a Proof of Claim on or before the applicable Bar Date to potentially share in the Debtors' estates.  Under the Bar Date Order, the filing of an original, written Proof of Claim Form, or the electronic submission of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for asserting an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code.  All other Administrative Expense Claims under section 503(b) of the Bankruptcy Code must be asserted by following the procedures below and will not be deemed properly filed if asserted in a Proof of Claim Form.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date**.  Acts or omissions of the Debtors that occurred on or arose before the Petition Date may give rise to Claims that must be filed by the

2

applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

## 1. Claims for Which A Proof of Claim Need <u>Not</u> be Filed

Notwithstanding the above, holders of the following Claims are <u>not required</u> to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

a) any person or entity that already has filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

b) any person or entity whose claim is listed on the Debtors' Schedules or any amendments thereto; *unless* (i) the claim is scheduled as "disputed," "contingent," or "unliquidated;" (ii) the claimant disagrees with the amount, nature, or priority of the claim, as set forth in the Schedules; or (iii) the claimant disputes that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules. In the case of either (i), (ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

c) professionals retained by the Debtors or the Committee, pursuant to orders of the Court, that assert administrative expense claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

d) a claim on account of indemnification, contribution, or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) thirty (30) days following the resignation or termination of employment if the director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

e) a holder of a claim that has previously been allowed by order of the Court;

f) a holder of a claim that has been paid in full or is otherwise fully satisfied by the Debtors or any other party;

g) a holder of a claim for which a specific deadline to file a Proof of Claim previously has been fixed by the Court;

h) any Debtor having a claim against another Debtor;

i)    any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission, or benefit and previously authorized to be paid by the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 145], *provided, however*, that a current or former employee must submit a Proof of Claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

j)    any person or entity who holds an equity interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim or a Payment Request, as applicable, must be filed on or before the applicable Bar Date pursuant to the procedures set for the herein; [3]

k)    any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates; and

l)    any person or entity that is not required to file a Proof of Claim pursuant to the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing and Use Collateral; (II) Granting Adequate Protection; and (III) Granting Related Relief* [Docket No. 226].

**Please take notice that any Claimant exempted from filing a Proof of Claim for a Claim as described in the list above must still properly and timely file a Proof of Claim for any other Claim that <u>does not fall within the exemptions</u> described above.**

### ii.    Payment Requests

Except as otherwise provided herein, each person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that holds or wishes to assert an Administrative Expense Claim against the Debtors' estates that may have arisen on or after the Petition Date through and including November 26, 2024 **MUST FILE A PAYMENT REQUEST**

---

[3]    The Debtors reserve all rights with respect to any such claims, including to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

**FORM ON OR BEFORE THE ADMINISTRATIVE CLAIM BAR DATE** to potentially share in the Debtors' estates.

### 1. Claims for Which a Payment Request Form Need <u>Not</u> be Filed

Pursuant to the terms of the Bar Date Order, the Administrative Claim Bar Date <u>does not</u> apply to the following claims:

a)    Administrative Expense Claims that (i) have been previously paid by the Debtors in the ordinary course of the Debtors' business or (ii) have otherwise been allowed by order of the Court;

b)    Administrative Expense Claims previously filed with Epiq or the Court;

c)    Administrative Expense Claims held by a person or entity that filed a motion requesting allowance of such Administrative Expense Claim before December [___], 2024;

d)    Administrative Expense Claims of any professional retained and employed by the Debtors or the Committee pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including any ordinary course of business professionals retained, pursuant to an order of this Court approving the employment of ordinary course business professionals, for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date;

e)    claims for fees payable to the Clerk of this Court;

f)    fees payable to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

g)    Administrative Expense Claims arising on or after November 27, 2024.

**CLAIMANTS MAY WISH TO CONSULT AN ATTORNEY IF THEY HAVE QUESTIONS, INCLUDING WHETHER THEY SHOULD FILE A PAYMENT REQUEST FORM. THE DEBTORS' ATTORNEYS, EPIQ, AND THE CLERK OF THE COURT CANNOT ADVISE CLAIMANTS IF THEY SHOULD FILE PAYMENT REQUEST FORMS.**

### iii. <u>Claims Arising from Rejected Executory Contracts or Unexpired Leases</u>

Any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date, (b) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (unless the order authorizing such rejection provides otherwise), and (c) thirty (30) days from the later of the date the rejection order is entered and notice of the rejection is provided (the "<u>Rejection Bar Date</u>").

### iv.  **Schedules and Amendments Thereto**

You may be listed as the holder of a Claim in the Schedules.  The Schedules are available free of charge on Epiq's website at https://dm.epiq11.com/case/biolase.  If you rely on the Schedules, then it is your responsibility to determine that your Claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount, and status of your Claim as listed in the Schedules, (b) your Claim is NOT listed as "disputed," "contingent," or "unliquidated," and (c) you do <u>not</u> dispute that the Claim is an obligation of the particular Debtor against which the Claim is listed in the Schedules, then you are not required to file a Proof of Claim in these cases with respect to such Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

If the Debtors amend their Schedules, then the Bar Date for Creditors affected by any such amendment will be the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after the date that the Debtors provided written notice to the affected Creditor that the Schedules have been amended (the "<u>Amended Schedules Bar Date</u>").

## B.    **WHEN AND WHERE TO FILE PROOFS OF CLAIM AND PAYMENT REQUEST FORMS**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written: (i) Proof of Claim that substantially conforms to Official Bankruptcy Form No. B 410 or the enclosed Proof of Claim Form; or (ii) the Payment Request Form, as applicable, so as to be **actually received** by Epiq no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

| (by first-class mail) | (by overnight mail, courier, or hand delivery) |
|---|---|
| **Biolase, Inc. Claims Processing Center** | **Biolase, Inc. Claims Processing Center** |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4420 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4420 | Beaverton, OR 97005 |

Alternatively, claimants may submit a Proof of Claim or Payment Request Form, as applicable, electronically through the Claims filing system available at https://dm.epiq11.com/case/biolase.

Proofs of Claim and Payment Request Forms will be deemed timely filed only if actually received by Epiq on or before the applicable Bar Date.  <u>Proofs of Claim and Payment Request Forms may **not** be delivered by facsimile, telecopy, or electronic mail transmission</u>.  Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim or Payment Request Form, as applicable, is submitted to Epiq by overnight mail, courier service, hand delivery, regular mail, or in person or through the electronic filing system described above.  Claimants wishing to receive acknowledgment that their original, written Proofs of Claim or Payment Request Forms, as applicable, were received by Epiq must submit with their original Proof of Claim or Payment Request Form (i) a copy of the Proof of Claim or Payment Request Form, as applicable, and (ii) a self-addressed, stamped envelope.

**C.       CONTENTS OF A PROOF OF CLAIM AND PAYMENT REQUEST**

      **i.  Proofs of Claim**

Enclosed is a Proof of Claim Form for use in these cases.  You may also use another Proof of Claim form that substantially conforms to Official Bankruptcy Form No. B 410.  The Proof of Claim Form is available free of charge on Epiq's website at https://dm.epiq11.com/case/biolase.

If your Claim is listed in the Debtors' Schedules, the Proof of Claim Form sent to you will indicate how the Debtors have scheduled your Claim in the Schedules, including (a) the amount of the scheduled Claim, if any; (b) whether the Claim is listed as disputed, contingent, or unliquidated; and (c) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim.

To be valid, your Proof of Claim **MUST**:  (a) be signed by the Claimant (if submitted electronically, the Claimant may use an electronic signature through the electronic claims filing system described above); (b) be written in the English language; (c) be denominated in the lawful currency of the United States; *provided that* Claims in foreign currency must state the amounts claimed in such foreign currency and must also convert each such amount to United States dollars as of the Petition Date; (d) conform substantially to the enclosed Proof of Claim Form or Official Form B 410; (e) set forth with specificity the legal and factual basis for the Claim; and (f) include supporting documentation or an explanation as to why such documentation is not available.  **You should redact any sensitive information from your supporting documentation before filing your Proof of Claim.**

**For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all supporting documents to the Proof of Claim Form and include a statement setting forth with specificity:  (a) the value of the goods the Claimant contends the Debtors received within twenty (20) days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the Claim is being asserted; and (c) a statement indicating (i) whether the value of such goods listed in the Proof of Claim Form represents a combination of services and goods, (ii) the percentage of value related to services and related to goods, and (iii) whether the Claimant has been paid for any other claim against the Debtors relating to the goods underlying its Proof of Claim Form.**

      **ii.  Payment Requests**

As noted above, the Debtors are enclosing a Payment Request Form for use in these cases.  The Payment Request Form is available free of charge on Epiq's website at https://dm.epiq11.com/case/biolase.

To be valid, each Payment Request Form **MUST**: (i) be signed by the Claimant or, if the Claimant is not an individual, by an authorized agent of the Claimant; (ii) be written English; (iii) be denominated in the lawful currency of the United States; and (iv) include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available.  Documentation

should include evidence of the nature of the Administrative Expense Claim and of when the Administrative Expense Claim arose.

## D.    CONTINGENT CLAIMS

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, before the Petition Date, including acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated before the Petition Date.  Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

### CONSEQUENCES FOR FAILURE TO FILE A
### PROOF OF CLAIM OR PAYMENT REQUEST

Any Claimant that fails to timely and properly file a Proof of Claim or Payment Request Form by the applicable Bar Date, (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors, their estates, or property of the Debtors, or thereafter filing a Proof of Claim or Payment Request Form with respect thereto in these cases, unless otherwise ordered by this Court; (b) shall not, with respect to such claim, be treated as a Creditor of the Debtors for purposes of voting on any chapter 11 plan in these cases; and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, without further order of the Court.

Additionally, any party holding an Administrative Expense Claim against the Debtors that arose between the Petition Date and November 26, 2024 that fails to properly and timely file a Payment Request Form in accordance with the Bar Date Order, will not participate in any distribution in these cases on account of such Administrative Expense Claim or, if these cases are converted, in any case under Chapter 7 of the Bankruptcy Code.

### FILING CLAIMS AGAINST MULTIPLE DEBTORS

Any person or entity asserting claims against more than one Debtor must file a separate Proof of Claim or Payment Request, as applicable, with respect to each such Debtor on or before the applicable Bar Date.  In addition, any person or entity filing a Proof of Claim or Payment Request, as applicable, must identify the particular Debtor against which its claim is being asserted.  Any Proof of Claim or Payment Request that is filed without identifying a Debtor shall be deemed as filed only against Debtor Biolase, Inc.

### RESERVATION OF RIGHTS

Nothing in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including their right to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing in this

Notice is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code.  All rights and remedies are reserved.

## ADDITIONAL INFORMATION

The Proof of Claim Form, the Payment Request Form, the Bar Date Order, and all other pleadings filed in these cases are available free of charge on Epiq's website at https://dm.epiq11.com/case/biolase.

If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Epiq, by calling the toll-free information line at (888) 884-0959 for U.S. claimants, or (503) 619-1698 for international claimants, or by submitting an online inquiry via Epiq's website at https://dm.epiq11.com/case/biolase.

Dated:  [●], 2024
      Wilmington, Delaware

/s/ Draft
M. Blake Cleary (No. 3614)
Brett M. Haywood (No. 6166)
Maria Kotsiras (No. 6840)
Shannon A. Forshay (No. 7293)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: bcleary@potteranderson.com
      bhaywood@potteranderson.com
      mkotsiras@potteranderson.com
      sforshay@potteranderson.com


and-

Joshua D. Morse (admitted *pro hac vice*)
Claire K. Wu (admitted *pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: (415) 983-1000
Facsimile: (415) 983-1200
Email:  joshua.morse@pillsburylaw.com
      claire.wu@pillsburylaw.com


Dania Slim (admitted *pro hac vice*)
Caroline Tart (admitted *pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**

31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Email:  dania.slim@pillsburylaw.com
         caroline.tart@pillsburylaw.com


*Counsel to the Debtors and Debtors in Possession*